IN THE UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

CASE NO. 11-4231

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

MICHAEL G. JACKSON,
Defendant-Appellant.

On Appeal From the United States District Court
For the Northern District of Ohio
Eastern Division

BRIEF OF PLAINTIFF-APPELLEE

WENDI L. OVERMYER
Office of the Federal Public Defender
50 S. Main Street, Suite 700
Akron, OH  44308
(330) 375-5739/fax (330) 375-5738
wendi_overmyer@fd.org




Counsel for Defendant-Appellant

STEVEN M. DETTELBACH
United States Attorney

David M. Toepfer
Assistant United States Attorney
100 East Federal Street, Suite 325
Youngstown, Ohio 44503
(330) 740-6986/fax (330) 746-0239
David M.Toepfer@usdoj.gov


Counsel for Plaintiff-Appellee

# <u>TABLE OF CONTENTS</u>

<u>**Page**</u>

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

WAIVER OF ORAL ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION.. . 1

STATEMENT OF THE ISSUE.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

SUMMARY OF THE ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

ARGUMENT.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

I.     THE DISTRICT COURT'S SENTENCE WAS BOTH PROCEDURALLY
       AND SUBSTANTIVELY REASONABLE.. . . . . . . . . . . . . . . . . . . . . . . . 14

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS. . . . . . 23

# <u>TABLE OF AUTHORITIES</u>

**<u>FEDERAL CASES</u>**                                                    **<u>Page(s)</u>**

<u>Gall v. United States</u>, 552 U.S. 38 (2007)................................ 14

<u>United States v. Bolds</u>, 511 F.3d 568 (6th Cir. 2007). ...................... 14

<u>United States v. Brownlee</u>, 297 Fed. Appx. 479 (6th Cir. 2008)............... 15

<u>United States v. Chames</u>, 376 Fed. Appx. 578 (6th Cir. 2010). ............... 16

<u>United States v. Johnson</u>, 640 F.3d 195 (6th Cir. 2011). .................... 15

<u>United States v. McCullough</u>, 173 F.3d 430, 1999 WL 137635
(6th Cir. Mar. 2, 1999). ................................................ 16

<u>United States v. Sexton</u>, 512 F.3d 326 (6th Cir. 2008). ..................... 14

<u>United States v. Taylor</u>, 648 F.3d 417 (6th Cir. 2011)....................... 14

<u>United States v. Williams</u>, 436 F.3d 706 (6th Cir. 2006).................... 20

**<u>FEDERAL STATUTES</u>**

18 U.S.C. § 3231. ...................................................... 1

18 U.S.C. § 3553(a)...................................... 10, 13, 14, 17, 18

18 U.S.C. § 3661. ...................................................... 16

18 U.S.C. § 3742(a)..................................................... 1

28 U.S.C. § 1291. ...................................................... 1

28 U.S.C. § 2255. ...................................................... 7

## **FEDERAL RULES**

Fed. R. App. P. 34(f). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

Fed. R. Evid. 1101(d)(3). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

## **OTHER AUTHORITIES**

O.R.C. § 2925(C)(1)(a) and (b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

O.R.C. § 2929.13. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

U.S.S.G. § 6A1.3(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

U.S.S.G. § 7B1.1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

U.S.S.G. § 7B1.1(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

U.S.S.G. § 7B1.1(a)(3). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

U.S.S.G. § 7B1.4. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

U.S.S.G. § 7B1.4(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 15

## <u>WAIVER OF ORAL ARGUMENT</u>

Plaintiff-appellee, the United States of America, believes that the facts and legal arguments are adequately presented in the briefs and that the decision process would not be significantly aided by oral argument.  Thus, the government recommends that this case be decided on the briefs under Fed. R. App. P. 34(f).

## STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION

This is the direct appeal of an order that imposed a sentence for a supervised release violation.  The district court had jurisdiction under 18 U.S.C. § 3231, and this Court has appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

## <u>STATEMENT OF THE ISSUE</u>

I.    Whether the District Court's sentence was both procedurally and substantively reasonable.

## STATEMENT OF THE CASE

While serving a four-year period of supervised release, Michael G. Jackson ("Jackson") was indicted by a grand jury in Lorain County, Ohio, on September 18, 2008.  Jackson's federal probation officer filed a violation report alleging that Jackson had committed a new law violation and had acted as a confidential informant without permission.  (R. 152-1: Superceding Violation Report).

On September 16, 2010, Jackson pleaded guilty to two counts of Trafficking in Drugs (F5), Possession of Drugs (F5), Possession of Criminal Tools (F5), and Possession of Drug Paraphernalia (M4) in Lorain County Common Pleas Court Case No. 08CR76617.  (R. 171: 10/6/10 Hrg. Tr. pp. 3-4).

On October 6, 2010, Jackson appeared before U.S. District Court Judge Economus for a final revocation hearing.  (R. 171: 10/6/10 Hrg. Tr.).  Jackson admitted to the new law violation and acting as an informant without permission. He proceeded to sentencing.  (Id.).  Judge Economus ultimately revoked Jackson's supervised release and imposed a sentence of 60 months, after calculating a Guideline range of 51-60 months.  (R. 164: Order (Sealed), p. 3).  Judge Economus further ordered that the imposition of the sentence "shall be held in abeyance until April 6, 2011, at 10:30 a.m., when the Court will determine whether or not to implement the sentence imposed."  (Id.).  Additionally, Judge

3

Economus ordered that as a condition to the period of abeyance, that Jackson be placed on home confinement with GPS monitoring. (Id.).

On October 22, 2010, the case was transferred to Judge Adams, due to the retirement of Judge Economus. (R. 165: Notice of Hrg.). On March 9, 2011, Judge Adams held a hearing regarding the revocation of Jackson's supervised release. (Id.). Judge Adams stated that he would not modify the previously imposed sentence given by Judge Economus of 60 months. (R. 181: Order). Jackson filed a timely notice of appeal on April 8, 2011. (R. 182: Notice of Appeal). This Court then vacated the initial sentence and remanded the case for *de novo* resentencing on August 10, 2011.

On October 25, 2011, the District Court held a resentencing hearing and sentenced Jackson to 60 months for violating the terms of his supervised release. (R. 196: Order). It is from that Order that Jackson filed a timely notice of appeal on November 8, 2011. (R. 197: Notice of Appeal).

## **STATEMENT OF FACTS**

On June 29, 1992, the defendant, Michael G. Jackson ("Jackson") was sentenced to serve 180 months in prison, followed by four years of supervised release. (R. 91: Judgment and Order). His supervised release commenced on July 8, 2005. (R. 152-1: Superceding Violation Report).

Three years later, Jackson sold drugs to a confidential informant. (R. 152-1: Superceding Violation Report, p. 1). Jackson then began acting as a confidential informant for law enforcement. (Id.). He did this without informing his probation officer or seeking the approval of the court. (Id.). Moreover, the probation officer represented that he informed Jackson in January of 2010 that he could not be an informant, yet Jackson continued to act as an informant for the Lorain County Sheriff's Office. (R. 160: Report and Recommendation (Sealed), p. 1).

On September 18, 2008, a Lorain County, Ohio grand jury indicted Jackson for Trafficking in Drugs (F2), Trafficking in Drugs (F3), Possession of Drugs (F3), Possession of Criminal Tools (F5), and Possession of Drug Paraphernalia (M4). On March 25, 2010, Jackson's probation officer filed a violation report alleging that Jackson had committed a new law violation and had acted as a confidential informant without permission. (R. 152-1: Superceding Violation Report).

5

On June 21, 2010, the defendant appeared before Magistrate Judge Vecchiarelli and admitted to the second violation. (R. 160: Report and Recommendation (Sealed)). He did not admit to the new law violation at that time, however, because the matter was still pending in Lorain County. (Id.).

On September 16, 2010, Jackson pleaded guilty to two counts of Trafficking in Drugs (F5), Possession of Drugs (F5), Possession of Criminal Tools (F5), and Possession of Drug Paraphernalia (M4) in Lorain County Common Pleas Court Case No. 08CR76617. (R. 171: Hrg. Tr., pp. 3-4).

On October 6, 2010, Jackson appeared before Judge Economus for a final revocation hearing. (R. 171: Hrg. Tr.). At that time, Jackson admitted to the new law violation and proceeded to sentencing. (R. 171: Hrg. Tr., pp. 3-4). Judge Economus adopted Magistrate Vecchiarelli's Report and Recommendation and ultimately revoked Jackson's supervised release, imposing a sentence of 60 months after calculating a Guideline range of 51-60 months. (R. 164: Order (Sealed), p. 3). Judge Economus further ordered that the imposition of the sentence "shall be held in abeyance until April 6, 2011, at 10:30 a.m., when the Court will determine whether or not to implement the sentence imposed." (Id.). Additionally, Judge Economus ordered that Jackson be placed on home confinement with GPS monitoring until April 6, 2011. (Id.).

6

On October 22, 2010, this case was transferred to Judge Adams, due to the retirement of Judge Economus.  (R. 165: Notice of Hrg.).  On November 10, 2010, Judge Adams conducted a Status Hearing and indicated that he intended to impose the 60-month sentence because Judge Economus did not have any authority to hold the sentence in abeyance.  (R. 179: Sent. Tr., p. 3).  The Court then ordered counsel for both parties to present the Court with written briefs regarding the Court's authority to re-sentence or modify Jackson's sentence.  (R. 174: Status Conf. Tr.).

In its brief, the United States argued that the guidelines were miscalculated and, given the disparity between a suspended sentence and the maximum sentence, that imposing the 60 month sentence would be a "complete miscarriage of justice." (R. 175: Sentencing Memorandum by United States, p. 4).  The United States then urged Jackson to orally move for relief under Section 2255, citing a complete miscarriage of justice.  (Id., at 5).  The United States further indicated that it was "prepared to concede, under the unique and previously unencountered facts of this specific case, that Jackson [was] entitled to collaterally attack the sentence imposed for his supervise release violations."  (Id.).  Despite this invitation, Jackson never sought relief under Section 2255.

7

On March 9, 2011, Judge Adams held a hearing regarding the revocation of Jackson's supervised release. (R. 179: Sent. Hrg. Tr.). Judge Adams stated that he could not modify the previously imposed sentence given by Judge Economus of 60 months. (R. 179: Sent. Hrg. Tr., p. 7). Judge Adams also stated:

> The government, unfortunately, provided counsel for the defendant a roadmap as to how to perhaps request this court to reconsider and/or address what I believe is a clear error in law by Judge Economus, and none has been called to my attention.
>
> So, therefore, I have no discretion in my view but otherwise to impose the term of the 60 months that has already been imposed by Judge Economus.
>
> No 2255 has been filed. . . . It is a harsh result, but it is what the law requires.

(Id.). On March 23, 2011, Judge Adams ordered that Jackson be permitted to remain on home confinement until notified by the Bureau of Prisons of a date and time to self-surrender. (R. 177: Order).

Jackson filed a timely notice of appeal from that order on April 8, 2011. (R. 182: Notice of Appeal). This Court subsequently vacated the sentence and remanded the case for *de novo* resentencing because the initial sentence "failed to satisfy the requirements of a valid conditional sentence." (R. 194: True Copy of Mandate from USCA for the Sixth Circuit).

At the resentencing hearing, the District Court stated that there had been

"some confusion with regard to the proper advisory guideline calculation in the

matter." (R. 201: Sent. Hrg. Tr., p. 5).

> The guidelines I will consider in the case are as follows:
> Application of the policy statements found in Chapter 7
> of the guideline manual result in a revocation range of
> imprisonment of 51 to 60 months under United States
> Sentencing Guideline 7B1.4(a) . . . . The range of
> imprisonment is based upon the most serious violation
> alleged, being a Grade A violation, under the United
> States Sentencing Guidelines 7B1.1(a)(3) and the
> offender having a criminal history category of VI under
> United States Sentencing Guidelines 7B1.4, Application
> Note 1 . . . . Most importantly, the application note notes
> as follows: The grade of violation does not depend upon
> the conduct that is the subject of the criminal charges or
> of which the defendant is convicted in a criminal
> proceeding. Rather, the grade of the violation is to be
> based on the defendant's actual conduct.
>
> In this case, Counsel, we provided you with a copy of the
> police reports setting forth the actual conduct in this
> case. And obviously, even though the defendant pled
> guilty to three or four F-5s and a misdemeanor of the
> fourth degree, the conduct as originally indicted and the
> conduct setting forth the defendant's actions in this case
> are set forth in the original indictment.
>
> In fact, the original indictment was for trafficking in
> drugs, a felony of the second degree, Count 1; Count 2,
> trafficking in drugs, a felony of the third degree; Count
> 3, possession of drugs, a felony of the third degree; and
> Count 4, possession of criminal tools. (Id., at 6-8).

9

The District Court later quoted from the Lorain Police Department report that provided additional information about Jackson's conduct. Specifically, the District Court found that Jackson sold ten 80-milligram Oxycontin pills to a confidential informant on July 11, 2008. (Id., at 25-26). A second transaction occurred on August 8, 2008 when Jackson sold ten 80-milligram Oxycontin pills and five 40-milligram Oxycontin pills. (Id., at 26-27). During this second transaction, Jackson had his daughter with him. (Id.). At no time did Jackson challenge or object to these facts.

The United States conceded, in light of the District's Court findings and after consulting with the probation officer, that its earlier position regarding the Guidelines sentencing range was wrong. Therefore, the United States agreed that the District Court correctly used Jackson's actual conduct to find a Grade A violation. (Id., at 8). Jackson objected. (Id.).

The District Court then analyzed the sentencing factors under 18 U.S.C. § 3553(a). The District Court started by discussing the nature and circumstances of the case. The District Court discussed the highly addictive nature of the drugs Jackson sold and the fact that his daughter was with him on one occasion. (Id., at 25-28).

10

Next, the District Court considered Jackson's history and characteristics, "including his prior record, violence, physical abuse, diminished capacity, and employment, age, substance abuse and family ties." (Id., at 31). The District Court gave a detailed recitation of Jackson's record, noting violent convictions, the use of a gun, a robbery, and a kidnapping. (Id., at 32-34).

The District Court rejected Jackson's request for leniency in order to facilitate a relationship with his daughter. (R. 196: Order, p. 8.) Because Jackson's daughter was with him during a drug transaction, the District Court found that "a term of imprisonment is necessary to *protect* [sic] Jackson's daughter from being drawn into his world of crime." (Id.)

The District Court also rejected Jackson's assertions of poor health as a reason for leniency because "none of those ailments prevented him from traveling significant distances on numerous occasions to sell drugs. Furthermore, while Jackson was prescribed a powerful pain killer for his ailments, he chose not to take that medication and instead sell it on the street." (Id.).

Finally, the District Court considered the need for the sentence imposed. The District Court found that imprisonment was warranted to "protect the public, provide adequate deterrence, reflect the seriousness of the offense, [and to] improve the offender's conduct." (R. 201: Sent. Hrg. Tr., p. 35). Specifically, the

11

District Court stated that Jackson had "not learned and is not likely to learn that his conduct will not be tolerated."  (Id.).  The District Court again discussed the danger of Oxycontin and the presence of Jackson's daughter during one of the transactions.  (Id.).  The District Court also noted that Jackson had not been honest with his probation officer.  (Id., at 36-37).

The District Court ultimately concluded that Jackson's history and conduct warranted a lengthy prison sentence to protect the public and deter Jackson from committing future crimes.  (Id., at 37).

## <u>SUMMARY OF THE ARGUMENT</u>

The District Court's sentence was procedurally reasonable because it correctly calculated the Guidelines range.  The District Court was required to consider Jackson's actual conduct and not just his guilty plea in state court.  The undisputed facts established that Jackson committed a state law violation that was punishable by more than one year in prison.  Therefore, the District Court properly concluded that he committed a Grade A violation.

The District Court's sentence was substantively reasonable because the District Court did not arbitrarily select the sentence, conducted a lengthy analysis of the § 3553(a) factors, did not cite or rely upon any impermissible factors, and did not give an unreasonable amount of weight to any one factor.

**ARGUMENT**

I.    **THE DISTRICT COURT'S SENTENCE WAS BOTH PROCEDURALLY AND SUBSTANTIVELY REASONABLE.**

A. Standard of Review

This Court applies an abuse of discretion standard when reviewing the reasonableness of a sentence upon revocation of supervised release.  United States v. Bolds, 511 F.3d 568, 575 (6th Cir. 2007).  This review requires the Court to determine whether the sentence was both procedurally and substantively reasonable.  Gall v. United States, 552 U.S. 38, 51 (2007).  A sentence is procedurally unreasonable if a district court fails to calculate or improperly calculates the Guidelines range, treats the Guidelines as mandatory, does not consider the applicable Guidelines range or the other factors listed in 18 U.S.C. § 3553(a), selects a sentence based on clearly erroneous facts, or does not explain the sentence.  Id.; United States v. Taylor, 648 F.3d 417, 422 (6th Cir. 2011).

A sentence is substantively unreasonable if a district court chooses the sentence arbitrarily, bases it on impermissible factors, fails to consider pertinent factors under 18 U.S.C. § 3553(a), or gives an unreasonable amount of weight to any one factor.  United States v. Sexton, 512 F.3d 326, 332 (6th Cir. 2008).  A court is not required to explicitly reference each of the § 3553(a) factors, but there

14

must be sufficient evidence in the record to show that a sentencing court

considered them.  United States v. Johnson, 640 F.3d 195, 203 (6th Cir. 2011).

B. Discussion

1.  The sentence is procedurally reasonable.

There are three grades of supervised release violations. U.S.S.G. § 7B1.1(a).

Grade A violations include drug trafficking offenses under state law that are

punishable by more than one year in prison. U.S.S.G. § 7B1.1(a)(1).  "The grade

of violation does not depend upon the conduct that is the subject of criminal

charges or of which the defendant is convicted in a criminal proceeding.  Rather,

the grade of the violation is to be based on the defendant's actual conduct."

U.S.S.G. § 7B1.1, n. 1.  A defendant who has committed a Grade A violation, who

has a criminal history category of VI, and who is on supervised release for a Class

A felony is subject to a sentencing range of 51-63 months.  U.S.S.G. § 7B1.4(a).

Although Jackson ultimately pleaded guilty to offenses that were not

punishable by more than one year in prison, the District Court was not bound by

that conviction. U.S.S.G. § 7B1.1, n.1.  The District Court had to consider

Jackson's actual conduct when determining the grade of the violation.  Id.; United

States v. Brownlee, 297 Fed. Appx. 479, 482 (6th Cir. 2008).  In fact, a court may

find a Grade A violation even if prosecutors do not bring charges or do not obtain

15

a conviction. <u>United States v. McCullough</u>, 173 F.3d 430, 1999 WL 137635 at *6 (6th Cir. Mar. 2, 1999).

In making such a determination, a court may rely upon hearsay evidence and other information not admissible under the rules of evidence.  Courts "may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has a sufficient indicia of reliability to support its probable accuracy."  U.S.S.G. § 6A1.3(a).  No limitation shall be placed on information a court may consider when imposing sentence, 18 U.S.C. § 3661, and the rules of evidence do not apply when imposing a sentence for a supervised release violation.  Fed. R. Evid. 1101(d)(3); <u>United States v. Chames</u>, 376 Fed. Appx. 578, 581 (6th Cir. 2010).

In this case, the District Court did not abuse its discretion in finding by a preponderance of the evidence that Jackson's conduct constituted a Grade A violation.  Jackson was initially charged with state law violations that were punishable by more than one year in prison.  (R. 201: Sent. Hrg. Tr., p. 7-8).  The District Court relied upon information contained in a police report to find that Jackson sold 10 Oxycontin pills on one occasion and 15 Oxycontin pills on a second occasion.  (R. 201: Sent. Hrg. Tr., p. 27).  The second transaction was done in the presence of a seventeen year old girl.  (<u>Id.</u>).  This conduct was punishable by

more than one year in prison under Ohio law. O.R.C. § 2925(C)(1)(a) and (b); O.R.C. § 2929.13.

Although Jackson has challenged the District Court's reliance on the police report because it contained statements from a confidential informant, Jackson himself did not dispute the relevant facts at the sentencing hearing. During arguments before the District Court, Jackson's counsel even acknowledged that Jackson sold 25 pills. (R. 201: Sent. Hrg. Tr., p. 12). Jackson personally admitted that his daughter was present during one of the transactions. (R. 201: Sent. Hrg. Tr., p. 16). Therefore, because Jackson himself corroborated or failed to contest the most relevant facts contained in the police report, the District Court properly concluded that the report had an indicia of reliability and properly relied upon the report to find a Grade A violation.

The District Court properly calculated the guidelines range, did not treat the Guidelines as mandatory, and considered the Guidelines before imposing the sentence. This calculation was not based upon clearly erroneous facts; rather, the determination was based upon uncontested facts contained in a police report. As discussed in greater detail below, the District Court properly considered the § 3553(a) factors and fully explained the sentence. Therefore, the sentence was procedurally reasonable.

## 2.  The sentence is substantively reasonable.

There is nothing in the record to suggest that the District Court chose the sentence arbitrarily, based it on impermissible factors, failed to consider pertinent factors under 18 U.S.C. § 3553(a), or gave an unreasonable amount of weight to any one factor.  Quite the contrary, the District Court went to great lengths to explain in detail how and why it chose Jackson's sentence.

The District Court started by discussing the nature and circumstances of the case.  The District Court cited the highly addictive nature of the drugs Jackson sold and the fact that his daughter was with him on one occasion as relevant circumstances.  (R. 201: Sent. Hrg. Tr., p. 25-28).

The District Court then analyzed Jackson's history and characteristics, "including his prior record, violence, physical abuse, diminished capacity, and employment, age, substance abuse and family ties."  (Id., at 31).  The District Court summarized Jackson's criminal history, noting violent convictions, the use of a gun, a robbery, and a kidnapping.  (Id., at 32-34).

The District Court considered, but rejected, Jackson's request for leniency in order to facilitate a relationship with his daughter.  (R. 196: Order, p. 8.) Because Jackson's daughter was with him during a drug transaction, the District

Court found that "a term of imprisonment is necessary to *protect* [sic] Jackson's daughter from being drawn into his world of crime." (Id.).

The District Court also rejected Jackson's assertions of poor health as a reason for leniency because "none of those ailments prevented him from traveling significant distances on numerous occasions to sell drugs. Furthermore, while Jackson was prescribed a powerful pain killer for his ailments, he chose not to take that medication and instead sell it on the street." (Id.).

Finally, the District Court considered the need for the sentence imposed. The District Court found that imprisonment was warranted to "protect the public, provide adequate deterrence, reflect the seriousness of the offense, [and to] improve the offender's conduct." (R. 201: Sent. Hrg. Tr., p. 35). Specifically, the District Court stated that Jackson had "not learned and is not likely to learn that his conduct will not be tolerated." (Id.). The Court again discussed the dangers of Oxycontin and the presence of Jackson's daughter during one of the transactions. (Id.). The District Court also noted that Jackson had not been honest with his probation officer. (Id., at 36-37).

The District Court did not arbitrarily select the sentence of 60 months; rather, the District Court conducted a lengthy analysis before imposing the sentence. The District Court did not cite or rely upon any impermissible factors

19

and did not give an unreasonable amount of weight to any one factor.  The District Court ultimately concluded that Jackson's history and conduct warranted a lengthy prison sentence to protect the public and ensure that he does not engage in conduct like this again.  (Id., at 37).  Being within the properly calculated Guidelines range, Jackson's sentence is entitled on appeal to a presumption of reasonableness. See, e.g., United States v. Williams, 436 F.3d 706, 708 (6th Cir. 2006).

## <u>CONCLUSION</u>

Because Jackson's sentence was both procedurally and substantively reasonable and is entitled to a presumption of reasonableness, the District Court's judgment should be affirmed.

Respectfully submitted,

STEVEN M. DETTELBACH
UNITED STATES ATTORNEY

By:    /s/*David M. Toepfer*
David M. Toepfer
Assistant United States Attorney
100 East Federal Plaza
City Center One, Suite 325
Youngstown, Ohio  44503
Telephone No: (330) 740-6986
Fax No: (330) 746-0239
David M.Toepfer@usdoj.gov

21

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 2nd day of March, 2012, a copy of the foregoing

Brief of Plaintiff-Appellee was filed electronically.  Notice of this filing will be

sent by operation of the Court's electronic filing system to all parties indicated on

the electronic filing receipt.  All other parties will be served by regular U.S. mail.

Parties may access this filing through the Court's system.

/s/*David M. Toepfer*

David M. Toepfer
Assistant United States Attorney

**ADDENDUM**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS

Pursuant to Sixth Circuit Rule 30(b), the following filings from the district court's records are designated as relevant to this appeal:

| RECORD ENTRY NO. | DESCRIPTION OF ENTRY |
|---|---|
| 91 | Judgment and Commitment Order |
| 152-1 | Superseding Violation Report |
| 160 | Report and Recommendation |
| 164 | Order (Sealed) issued October 7, 2010 |
| 165 | Hearing Notice |
| 171 | Transcript of Violation Hearing held October 6, 2010 |
| 174 | Transcript of Status Conference held November 10, 2010 |
| 175 | Sentencing Memorandum by United States |
| 177 | Order issued February 11, 2011 |
| 179 | Transcript of Sentencing Hearing held March 9, 2011 |
| 181 | Order issued March 23, 2011 |
| 182 | Notice of Appeal |
| 194 | True Copy of mandate from USCA for the Sixth Circuit |
| 196 | Order |
| 197 | Notice of Appeal |
| 201 | Transcript of Sentencing Hearing |